UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANUEL HERNANDEZ AND ROBERTO RENTERIA §§§ Plaintiffs, §§ v. §§ SOTERO LOZANO, JR. DBA ASTROS TECHS §§§ Defendant. § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

### SUMMARY

1. Defendant Sotero Lozano, Jr. dba Astros Techs (hereinafter "Defendant") required and/or permitted Manuel Hernandez and Roberto Renteria ("Plaintiffs") to work as furniture installers and general laborers in excess of forty (40) hours per week. Defendant paid to Plaintiffs an hourly wage for all hours worked. However, Defendant did not pay to Plaintiffs an overtime premium for hours worked in excess of forty (40) hours per week.

2. Defendant's conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

### SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Manuel Hernandez is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

6. Plaintiff Roberto Renteria is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

7. Defendant is an individual doing business in Harris County, Texas for the purpose of accumulating monetary profit. Defendant may be served at his last known address 17931 Harbour Bridge Point Dr., Cypress, Texas 77429-5283.

## FLSA COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(t).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because he has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

12. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

13. Defendant controlled the nature, pay structure, and employment relationship of Plaintiffs.

## FACTS

14. Defendant operates a business in Houston, Texas and surrounding areas that transports, loads/unloads, installs, and otherwise handles furniture and related goods.

15. Defendant employed Plaintiffs as "installers" and general laborers.

16. Plaintiffs are current and/or former employees of Defendant, whose work for Defendant involved assembling, loading/unloading and installing furniture, among other things.

17. Plaintiffs were non-exempt employees.

18. Defendant paid Plaintiffs an hourly wage. At some time, Defendant stopped paying an hourly wage and began to pay on a "per floor" of furniture installed basis.

19. Although Plaintiffs were required to and did in fact frequently work more than forty (40) hours per workweek, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. Instead, the Plaintiffs were paid only at the regular hourly rate for all hours of overtime work.

20. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that his conduct complied with the FLSA. Defendant paid Plaintiffs straight time for overtime to avoid paying them in accordance with the FLSA.

## VIOLATION OF 29 U.S.C. § 207

21. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

22.     Defendant's practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

23.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs.

## **VIOLATION OF 29 U.S.C § 211(c)**

24.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

25.     Defendant failed to keep adequate records of Plaintiffs' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

26.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

      a.   The time of day and day of week on which the employees' work week begins;

      b.   The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

      c.   An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

      d.   The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

      e.   The hours worked each workday and total hours worked each workweek;

      f.      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

      g.      The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

      h.      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

      i.      The dates, amounts, and nature of the items which make up the total additions and deductions;

      j.      The total wages paid each pay period; and

      k.      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

27. Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiffs. Because Defendant's records are inaccurate and/or inadequate, Plaintiffs can meet their burden under the FLSA by proving that they in fact performed work for which they were improperly compensated, and producing sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## DAMAGES SOUGHT

28. Plaintiffs are entitled to recover compensation for unpaid overtime compensation.

29. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

30. Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

31. Plaintiffs hereby demand trial by jury.

## PRAYER

32. For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief:

Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

Such other relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,

WYLY & COOK, LLP

By: /s/ Warren A. Berlanga
Warren A. Berlanga
wberlanga@wylycooklaw.com
State Bar No. 24085199
S.D. Tex. Bar No: 2611869
4101 Washington Ave. 2nd Floor
Houston, TX 77007
Telephone: (713) 236-8330
Facsimile: (713) 863-8502

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:
Kelly E. Cook
kcook@wylycooklaw.com
State Bar No. 24062675
S.D. Tex. Bar No: 1022069
4101 Washington Ave. 2nd Floor
Houston, TX 77007
Telephone: (713) 236-8330
Facsimile: (713) 863-8502